UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:19-cr-00216-TWP-TAB |
| ) | |
| WILLIE IRVING, ) | |
| Defendant. ) | |

### ENTRY REGARDING RULE 404(b) NOTICE

This matter is before the Court on Plaintiff, the United States of America's ("the Government") Notice of Evidence Sought to be Introduced at Trial (Filing No. 65). Specifically, the Government seeks to offer evidence of prior bad acts or acts of misconduct committed by Defendant Willie Irving ("Irving") pursuant to Federal Rule of Evidence 404(b). For reasons explained below, the Notice is **disapproved**.

### I. BACKGROUND

Irving is charged with Count 1: Felon in Possession of a Firearm, Counts 2 and 3: Possession with Intent to Distribute Controlled Substances, and Count 4: Possession of a Firearm in Furtherance of a Drug Trafficking Crime. (Filing No. 13.) Irving filed a petition to plead guilty to all counts except for Count 4: Possession of a Firearm in Furtherance of a Drug Trafficking Crime. (Filing No. 59.) Trial on this count is expected to proceed on February 28, 2022. (Filing No. 57.)

The Government seeks to offer evidence that Irving was engaging in drug trafficking activity with a firearm prior to the date of the charged offense in order to demonstrate his motive and intent to possess the charged firearm in furtherance of a drug trafficking offense. The proffered evidence includes:

    (1) a video posted on [Irving's} Instagram page on or about May 21, 2019[,] that showed two firearms along with a large amount of currency entitled "Steady Mobing" with a picture of a money bag,

    (2) a video posted on [Irving's] Instagram page on or about May 6, 2019[,] that showed cash, marijuana, and a firearm,

    (3) a photo on Instagram dated April 27, 2019[,] that shows [Irving] with a firearm, a box of clear baggies, cash, a scale, and marijuana with the label "#fedbaby", and

    (4) an Instagram video that showed [Irving's] face along with marijuana, pills, cash, and a firearm with the label "How You Hustling But Laid Up When The Money Calling".

(Filing No. 65 at 1-2.)  A fact witness is expected to testify that the firearm found at his residence is similar in appearance to the one in the social media posts.  A narcotics trafficking expert is also expected to testify that firearms are often used as tools in drug trafficking and that drug dealers often use firearms to protect their drugs, the proceeds from them, and themselves when they are engaging in drug trafficking activity.  *Id*. at. 2.

## II. LEGAL STANDARD

    Federal Rule of Evidence 404(b)(1) states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."  Fed. Rule of Evid. 404(b)(1).  Rule 404(b)(2) allows such evidence when it is used for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.  Fed. Rule of Evid. 404(b)(2).  The Seventh Circuit has provided a four-part test to be used in 404(b) determinations.  Courts are to consider whether:  (1) the evidence is directed toward establishing a matter in issue other than Irving's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.  *See United States*

*v. Howard,* 692 F.3d 697, 703 (7th Cir. 2012). The Seventh Circuit has directed that district courts must also assess whether the probative value of the "other act" evidence is substantially outweighed by the risk of unfair prejudice, and courts may exclude the evidence under Rule 403 if the risk of unfair prejudice is too great. *United States v. Gomez*, 763 F.3d 845, 856–60 (7th Cir. 2014).

### III. DISCUSSION

Count 4 of the Indictment charges that on or about May 23, 2019, Irving did possess a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). ([Filing No. 13](#)). The "in furtherance of" element of § 924(c) requires that the weapon further, advance, move forward, promote or facilitate the drug-trafficking crime, and that the possessed gun further a drug-trafficking offense by providing the dealer, his stash, or his territory with protection. *United States v. Huddleston*, 593 F.3d 596, 602 (7th Cir.2010). In determining whether a nexus exists, this Court applies basic common sense and considers particular factors as set forth in *United States v. Seymour*. The *Seymour* factors include: (1) the type of drug activity that is being conducted; (2) accessibility of the firearm; (3) the type of weapon possessed; (4) whether the weapon is stolen; (5) the status of the possession (legitimate or illegal); (6) whether the gun is loaded; (7) proximity to drugs or drug profits; and (8) the time and circumstances under which the gun is found. *United States v. Seymou*r, 519 F.3d 700, 715 (7th Cir.2008).

Irving intends to plead guilty to the two counts of possession with intent to distribute controlled substances and to being a felon in possession of a firearm on May 23, 2019. Concerning Count 4, the primary issue the factfinder must decide is whether Irving's possession of a firearm on May 23, 2019 was in furtherance of the drug trafficking activity. The Government argues that Irving's social media posts are relevant to his motive and intent to possess the firearm to further drug trafficking activities. The social media posts are dated April 27, May 6, and May 21, 2019.

The Government argues that since the posts are within one month of his arrest, and they show Irving displaying a firearm similar in appearance to the one he is charged with in furtherance of drug trafficking activities, and the drugs are the same type that he was found with on the date of his arrest, then this evidence is relevant and admissible under Rule 404(b). The Government contends this evidence "provides a window into Irving's intent and motive regarding the possession of the charged firearm in furtherance of drug trafficking activity," it is highly probative, and that probative value is not substantially outweighed by the danger of unfair prejudices. *Id*. at 3.

In response to the 404(b) Notice, Irving asserts that because he has already agreed to plead guilty to all counts in the Indictment, except Count 4, the proffered evidence is not relevant. He contends the evidence will show that drugs and guns were found in his house when officers executed a no-knock warrant and entered his residence; he was not apprehended shortly after a drug transaction; and he was not observed during surveillance of conducting a drug transaction with a weapon in his possession. ([Filing No. 72 at 1-2](#).) He points out that the mere presence of a firearm at the scene of a crime is insufficient to establish that the firearm was possessed "in furtherance of" the crime. *See United States v. Duran*, 407 F.3d 828, 2005 U.S. App. LEXIS 8125. There must be some connection between the firearm and the crime. Citing to *United States v. Castillo*, Irving argues "the analysis is a fact sensitive one, turning on the moment when the guns were located, the proximity to drugs found, and the circumstances surrounding possession of a weapon at that time". *United States v. Castillo*, 406 F.3d 806, 814-16 (7th Cir. 2005).

Irving also argues the analysis is fact sensitive and should be limited to facts as found at the time of Irving's arrest. He argues the court must determine not only Irving's guilt or innocence on the charge, but what drug activity was furthered, if any. Therefore, what occurred on another day is completely irrelevant to the determination of the facts of this case, as charged.

The Court agrees with Irving that the social media evidence has minimal relevance. The Court must determine whether evidence is admissible either under Rule 404(b) or as direct evidence of the charged offense. Under Rule 404(b), it simply is not relevant that Irving possessed drugs and a gun one month or even a few day earlier than the charged crimes. The proffered evidence would unfairly prejudice Irving, as it does not prove or disprove any element of the charged offenses.

If qualified as an expert, Agent Launa Hunt, special agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, may testify that based on her training and experience, firearms are often used as tools of the trade in drug trafficking along with scales and plastic baggies. However, Agent Hunt's interpretation of Irving's social media posts dated April 27, May 6, and May 21, 2019 is not relevant to the charge in Count 4. Evidence that Irving previously possessed a firearm resembling the one located on May 23, 2019 only shows that Irving may have committed other crimes at an earlier time, but it does nothing to prove or disprove the charged offense in Count 4. While these videos may have some value to prove that Irving possessed a firearm approximately a month before the charged offenses, the Government has not shown that the videos have relevance to the issues for trial—whether Irving possessed a firearm in furtherance of his drug trafficking on May 23, 2019.

In addition, having considered the Rule 403 balancing, the social media videos and posts of Irving displaying the phrase "Gangsta fever", flashing U.S. currency, and possessing drugs and guns on earlier dates would be highly and unfairly prejudicial to Irving, possibly portraying him as a bad character with a propensity for violence.

## IV. CONCLUSION

For the reasons stated above, the Court **DISAPPROVES** of the proposed 404(b) evidence. Without prior approval from the Court, the Government is not permitted to offer the Instagram

5

Live videos and posts into evidence. During the course of the trial, if the Government believes that any excluded testimony or evidence becomes relevant and admissible (i.e. possibly for impeachment evidence should defendant testify), and depending on what develops at trial, counsel may approach and request a hearing outside the presence of the jury so the Court can determine admissibility.

    **SO ORDERED.**

Date: 1/31/2022

*[signature]*

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jane Ruemmele
HAYES RUEMMELE LLC
jane@chjrlaw.com

Abhishek Kambli
UNITED STATES ATTORNEY'S OFFICE
abhishek.kambli@usdoj.gov